UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WERSHE, Jr.,

      Petitioner,           Case No. 2:16-CV-14264
v.                                   HON. GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE
THOMAS MACKIE,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY**

Richard Wershe. Jr., ("Petitioner"), currently on parole supervision wth the Michigan Department Of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his life sentence for possession with intent to deliver more than 650 grams of cocaine and the Michigan Parole Board's refusals to release him parole. For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

### I. Background

Petitioner was charged with the above offense in 1987. At the time of the offense, petitioner was 17 years old. Petitioner was convicted following

a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to life in prison without parole.

In 1992, subsequent to petitioner's conviction, the Michigan Supreme Court decided the case of *People v. Bullock*, 440 Mich. 15, 485 N.W.2d 866 (1992), in which that court held that a mandatory sentence of life imprisonment without parole violated the Michigan Constitution's ban on "cruel or unusual punishments." *Id.* at 37-41. To remedy the constitutional infirmity of the statute, the Supreme Court ordered that all persons convicted under the statute be granted "the parole consideration otherwise available upon completion of ten calender years of the sentence." *Id.* at 42.

Petitioner's sentence was amended to a parolable life sentence.

Mich. Comp. Laws § 791.234(6), as amended by P.A.1998, No. 314, effective October 1, 1998, indicates that a defendant convicted of violating or conspiring to violate section 7401(2)(a)(i) of the public health code, the section under which the petitioner was convicted, shall be eligible for parole after serving seventeen and one half (17-½) years in prison. Under Mich. Comp. Laws § 791.234(9), a defendant's sentence under section 7401(2)(a)(i) may be further reduced another two and one half (2 ½) years if the sentencing judge or his or her successor determines that the

defendant cooperated with law enforcement. If the defendant had no relevant or useful information, the judge is required to conclude that the defendant cooperated with the police.

In 2000, petitioner's sentencing judge concluded that petitioner had cooperated with the police and was entitled to the 2-½ year reduction in his sentence.

Petitioner was denied consideration for parole in 2003, 2008, and 2012.

In 2015, petitioner filed a motion for relief from judgment with the trial court, challenging his sentence. The Wayne County Circuit Court granted petitioner's motion, ruling that petitioner's parolable life sentence was unduly severe, in light of the fact that petitioner was only seventeen years old at the time of the offense. The judge ordered that petitioner be re-sentenced at which time petitioner's youth at the time of the offense would be considered by the judge in determining whether to amend petitioner's sentence to a term of years. *People v. Wershe,* No. 87-004902-FC (Wayne Cty. Cir. Ct., Sep. 4, 2015).

The Michigan Court of Appeals reversed the trial court's decision to grant post-conviction relief, on the ground that petitioner's post-conviction

motion was a second motion for post-conviction relief that was barred under M.C.R. 6.502(G) and that petitioner's claim did not involve a retroactive change in law that would permit petitioner to file a successive post-conviction motion. *People v. Wershe,* No. 329110 (Mich.Ct.App. Sep. 29, 2015). The Michigan Court of Appeals further held that petitioner was not entitled to relief because the Supreme Court cases that he relied on in support of his claim were inapplicable to petitioner's parolable life sentence. *Id.*

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Wershe,* 879 N.W. 2d 873 (Mich. 2016).

Petitioner filed his habeas petition with this Court. While his petition was pending, the Michigan Parole Board on July 14, 2017 voted to grant petitioner parole. Petitioner was paroled to the State of Florida on August 22, 2017.[1]

Petitioner seeks relief on the following grounds:

I. Petitioner is entitled to resentencing where he was originally sentenced to life without parole for a nonviolent crime committed as a juvenile with no consideration of the *Graham* or *Miller* factors

---

[1] This Court obtained petitioner's actual release date from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

-4-

and no consideration of sentencing guidelines.

II. The Court of Appeals order reversing the trial court constitutes a denial of Petitioner's right to equal protection under the 14th Amendment.

III. Parole eligibility under Michigan law does not provide a meaningful and realistic opportunity for release.

IV. Defendant is entitled to relief under MCR 650 et seq.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case

-5-

differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. Discussion

**A. Claims ## 1, 2, and 4. The sentencing/post-conviction relief claims.**

The Court discusses petitioner's first, second, and fourth claims together because they are interrelated.[2]

Respondent claims that petitioner's first and fourth claims are barred by the one year statute of limitations found in 28 U.S.C. § 2244(d)(1).

The statute of limitations does not constitute a jurisdictional bar to habeas review; a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122 F. App'x. 188, 192 (6th Cir. 2005).

In his first claim, petitioner argues that his parolable life sentence is

---

[2]Unlike petitioner's third claim, *infra,* petitioner's sentencing claims are not moot in spite of his release on parole because petitioner's original sentence affects the length of his parole. *See Hodges v. Newland*, 172 F. Supp. 2d 1245, 1248–49 (N.D. Cal. 2001).

unconstitutional because he was under eighteen years old when he committed the offense and Michigan law prevented the trial judge at the time of the original sentencing from taking into account petitioner's youth and maturity levels when fashioning the sentence. Petitioner argues that he is entitled to a re-sentencing in which the judge could consider his age at the time of the offense in fashioning a sentence that would be less than life in prison.

Petitioner relies on two U.S. Supreme Court cases in support of his claim.

In *Graham v. Florida,* 560 U.S. 48, 82 (2010), the Supreme Court held that the Eighth Amendment prohibits a mandatory sentence of life imprisonment without parole on a defendant who committed a non-homicide offense when he or she was a juvenile. The Supreme Court ruled that although a state was not required to guarantee the defendant eventual release, if a life sentence were imposed on a juvenile offender, it must provide that offender "with some realistic opportunity to obtain release before the end of that term." *Id.*

In *Miller v. Alabama,* 567 U.S. 460, 470, 476-77 (2012), the Supreme Court held that a mandatory sentence of life imprisonment without parole

for defendants who were under 18 years old when they committed their crimes, violates the Eighth Amendment, even if the offense was for murder.

Petitioner's case is distinguishable from the sentences in *Graham* and *Miller* because although petitioner was originally sentenced to life without parole, his sentence was subsequently amended to a parolable life sentence. Petitioner, in fact, has been paroled on his sentence. Petitioner was not sentenced to a non-parolable life sentence, therefore the holdings in *Graham* and *Miller* would not entitle petitioner to relief. *See, e.g., Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012); *See also Goins v. Smith*, 556 F. App'x. 434, 440 (6th Cir. 2014).

Moreover, not only was petitioner given an opportunity to be paroled, he has now in fact been released on parole. Petitioner was thus given a meaningful opportunity for release from his life sentence. The Michigan Court of Appeals decision to deny petitioner relief was not an unreasonable application of clearly established law, so as to entitle petitioner to relief. *See Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728-29 (2017)(State court's denial of petitioner's motion to vacate state court sentence of life imprisonment without parole for a non-homicide offense of rape and abduction that he committed at age of 16 was not an unreasonable

application of Supreme Court decision in *Graham v. Florida*, so as to entitle the petitioner to federal habeas relief, where the state had a geriatric release program that considered parole factors in determining release, which could satisfy the requirement in *Graham* to provide meaningful opportunity to receive parole). Petitioner is not entitled to relief on his first claim.

In his second claim, petitioner argues that the Michigan Court of Appeals' decision to reverse the trial court's order of re-sentencing violates the Equal Protection Clause of the 14th Amendment because petitioner is the only prisoner in Michigan who was sentenced to life in prison as a juvenile offender who has not been afforded an opportunity for re-sentencing, in which the trial judge could consider various factors related to petitioner's maturity and rehabilitative potential to then use the Michigan Sentencing Guidelines to fashion a sentence of a term of years rather than a sentence of life in prison.

A habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Dockins v. Hines,* 374 F.3d 935, 940 (10th Cir. 2004); *See*

*also Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012)(no United States Supreme Court precedent requires the retroactive application of state sentencing law); *Maples v. Stegall*, 175 F. Supp. 2d 918, 923-24 (E.D. Mich. 2001); *rev'd on other grds,* 340 F. 3d 433 (6th Cir. 2003)(petitioner not entitled to habeas relief on claim involving the non-retroactivity of Michigan's new sentencing guidelines). Moreover, there is no constitutional requirement that persons convicted of the same offenses receive identical sentences. *Williams v. Illinois*, 399 U.S. 235, 243 (1970). A state legislature may therefore prospectively reduce the maximum penalty for a crime even though prisoners sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than a prisoner sentenced to the maximum term thereafter. *See Frazier v. Manson,* 703 F. 2d 30, 36 (2nd Cir. 1983). Petitioner is thus not entitled to habeas relief on his claim that the disparity between the sentence he received under Michigan's old 650 law and the sentences that juvenile offenders receive under the new drug law (or any other law) violates equal protection and due process. *Rashad v. Lafler,* 675 F. 3d at 570-71. Petitioner is not entitled to relief on his second claim.

Petitioner in his fourth claim argues that the Michigan Court of

Appeals erred in denying him post-conviction relief on his claim.

This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)*(quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d

at 853 (*quoting Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (*quoting Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted). Petitioner is not entitled to relief on his fourth claim.

**B. Claim # 3. The parole denial claim.**

Petitioner in his third claim argues that he has wrongly been denied parole by the Michigan Parole Board on several occasions.

Petitioner's claim is moot because he has been released on parole.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes

a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

Where a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v. Williams,* 455 U.S. 624, 630-31 (1982). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

Petitioner's release on parole renders his parole denial claim moot, because there is no longer a case or controversy to litigate with respect to this claim. *See Townsend v. Vasbinder,* 365 F. App'x. 657, 660 (6th Cir. 2010). Petitioner is not entitled to relief on his third claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159

F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED**.

Dated: October 4, 2017

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 4, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---